(12 Misc. Rep. 548.)

### HENRY HUBER CO. v. SOLES.

#### (City Court of New York, General Term. May 28, 1895.)

PRACTICE—PLACING CAUSE ON CALENDAR.
   Where an order was granted, placing a cause on the short-cause calendar of the New York city court for trial February 21st, and a copy of the order was served on defendant's attorney on February 20th, at 1 o'clock, sufficient time is given him to prepare for trial.

Appeal from special term.

Action by the Henry Huber Company against William A. Soles. From an order placing the cause on the short-cause calendar, defendant appeals. Affirmed.

Argued before FITZSIMONS, NEWBURGER, and CONLAN, JJ.

Samuel P. Hotchkiss, for appellant.

Langbein Bros. & Langbein, for respondent.

FITZSIMONS, J. An order was granted herein, placing this cause upon the short-cause calendar for trial for February 21st. A copy of said order was served on the defendant's attorney February 20th, at 1 o'clock. He had, therefore, ample time to prepare for the trial, and thus the cause was regularly on the day calendar for trial. Rule 14 of this court was not enacted for the benefit of members of the bar, but solely for the convenience of the clerk having charge of the making up of the day calendar of the court. The defendant's constitutional right of trial of his cause was not taken from him, as he seems to think. It appears to us that he had his day in court, but neglected to take advantage of it. Defendant had no right to have the default in question vacated. That is a favor which the court had a right to refuse him if the interests required such a refusal. Apparently the special term justice thought that the alleged defense was entirely without merit. In that conclusion, after an examination of the record, we concur; particularly as defendant denies any indebtedness in the answer, and admits in his affidavit that he owed plaintiff at least $490.83, because he swears that he assigned a claim for that sum to plaintiff in part payment of the claim in suit. This contradiction, and his letters printed in the appeal book, show, I think, that the interests of justice were best served by making the order appealed from, which must be affirmed, with costs. All concur.